IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY J. HERON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 03-313-JJF |
| | : | |
| v. | : | |
| | : | |
| JOHN E. POTTER, Post Master | : | |
| General, United States | : | |
| Postal Service | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant's Motion For A Protective Order (D.I. 74). For the reasons discussed, the Court will grant the Motion.

I.   **BACKGROUND**

On March 21, 2003, Plaintiff filed this action alleging discrimination pursuant to the provisions of the "Rehabilitation Act of 1973". 29 U.S.C. § 704. A pretrial conference is scheduled for Thursday, November 9, 2006, at 12:00 p.m.

By its Motion, Defendant contends that one of Plaintiff's Rule 30(b)(6) notices (D.I. 67) does not comply with the "reasonable particularity" requirement of Rule 30(b)(6) and is an improper attempt to discover theories available to Defendant in support of a motion for summary judgment. Defendant requests the Court issue a protective order and quash Plaintiff's Rule 30(b)(6) notice. Plaintiff did not file a response or answering brief.

1

## II. DISCUSSION

In pertinent part, Rule 26(c) provides that upon "motion by a party or by the person from who discovery is sought...the court... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To prevail, the movant must demonstrate good cause for a protective order. Id. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). In determining whether there is good cause, courts will balance the interests of the parties and the public. Pansy, 23 F.3d at 787.

The Court concludes that Defendant has demonstrated good cause, and therefore, the Court will grant the Defendant's Motion For A Protective Order (D.I. 74). The Rule 30(b)(6) Notice at issue asks Defendant to "designate the appropriate person to testify as to why the plaintiff was not accommodated both before and after his assignment to the Edgemoore Postal Facility and their assignments upon their removal from Tour 2, and, any reassignment thereafter and the dates and reasons for such reassignment". (D.I. 74, Exhibit A). The Court concludes that the request as a whole does not describe with reasonable particularity the subject matters intended to be questioned. The

2

Court surmises that an editing error has resulted in a confusing request. (see D.I. 74, Exhibit B which includes similar language).

Further, the Court concludes that the request for testimony "as to why the plaintiff was not accommodated" is improper, and therefore, the Protective Order is warranted. Whether or not Plaintiff was accommodated is a major element of Plaintiff's prima facie case. Plaintiff's request amounts to requiring a deponent to either deny that Plaintiff was accommodated, thus rendering the deposition useless, or to make a legal opinion or conclusion, which is objectionable. Plaintiff has other discovery tools available to determine the relevant facts that may support its contention that Plaintiff was not accommodated. Thus, the Court concludes that Plaintiff will suffer no undue prejudice by the granting of this Protective Order. Accordingly, the Court concludes that Defendant has demonstrated good cause, and therefore, will grant the Motion For A Protective Order (D.I. 74).

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion For A Protective Order (D.I. 74) is **GRANTED**.

October 23, 2006

_____
UNITED STATES DISTRICT JUDGE

3