IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY J. HERON,                    :
                                     :
        Plaintiff,                   :
                                     :
    v.                               :    Civil Action No. 03-313-JJF
                                     :
JOHN E. POTTER,                      :
POST MASTER GENERAL                  :
UNITED STATES POSTAL SERVICE,        :
                                     :
        Defendant.                   :

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion For Summary Judgment (D.I. 76). For the reasons discussed, the Court will deny the Motion.

### I.  BACKGROUND

Plaintiff began working for the United States Postal Service ("USPS") in April, 1985. He started as a part-time flexible employee and ten months later, became a full-time regular employee. As a full-time regular employee, Plaintiff participated in the USPS bidding system by which employees bid for vacant jobs.[1] Through the bidding process, Plaintiff worked several years on Tour 3 "night shift" jobs.[2] In 1997, Plaintiff successfully bid for two consecutive Tour 2 "day shift" jobs. In

---

[1] Successful bids are awarded based on an employee's seniority and qualifications.

[2] Tour 3 is the shift beginning around 2:00 p.m. extending for eight and one-half hours. Tour 2 is the day shift which starts around 7:00 a.m. Tour 1 is the midnight shift which starts around 11:00 p.m.

May 1998, Plaintiff successfully bid for a Tour 3 job at the Hares Corner Distribution Center. In October 1998, while working the Tour 3 night shift, Plaintiff passed out at work due to symptoms of Type I Diabetes and was taken to the hospital by ambulance.

After the incident in October 1998, Plaintiff requested a light duty assignment on Tour 2 because his Doctor expressed concerns that the night shift work could exacerbate his hypertension and compromise his ability to control the diabetes.[3] The USPS granted Plaintiff's request and between November 1998, and January 2001, Plaintiff worked a light duty Tour 2 job.

In January 2001, Plaintiff and two other USPS employees, also accommodated with Tour 2 jobs, were directed to return to their regular bid jobs. Defendant alleges this decision was based on a grievance filed with the USPS employees' union. Plaintiff returned to a Tour 1 job at the Hares Corner Distribution Center. Plaintiff immediately requested accommodation to a Tour 2 job based on his concerns that working the night shift would exacerbate his hypertension and diabetes.

Shortly thereafter, Plaintiff successfully bid a Tour 2 position as a clerk at the USPS Edgemoor facility. For this position, Plaintiff was required to learn a scheme distribution

---

[3] Light duty refers to an accommodation made for non-job related injury or illness.

system. According to Defendant, training for the scheme distribution system typically had to be completed before the employee commenced the new job. However, Plaintiff requested that he be allowed to start the Tour 2 job immediately due to his concerns that working the Tour 1 night shift could exacerbate his Type I Diabetes. The USPS granted Plaintiff's request and allowed Plaintiff to work at the Edgemoor facility while training. According to Plaintiff, the scheme distribution training aggravated his Carpal Tunnel Syndrome. Plaintiff ceased training and was subsequently disqualified for the Tour 2 clerk job because he could not complete the requisite training. Plaintiff was ordered to return to his Tour 1 job at the Hares Corner Distribution Center. According to Defendant, Plaintiff was told to bid on other Tour 2 jobs for which he was qualified. Plaintiff allegedly did not bid on any vacant Tour 2 positions.

In September 2001, Defendant offered Plaintiff a job on a Tour 1 shift which would accommodate Plaintiff's restrictions based on Carpal Tunnel Syndrome. However, Plaintiff did not accept the offer because he was concerned about working the Tour 1 night shift due to his Type I Diabetes.

In 2002, several meetings were held between the USPS and Plaintiff to discuss possible accommodations for Plaintiff. Plaintiff alleges that during the negotiations he was offered a position which was later revoked and extended to two other

employees. In November 2002, the Reasonable Accommodation Committee held a meeting in an attempt to accommodate Plaintiff. Plaintiff allegedly refused to participate. Defendant allegedly did not have Plaintiff's medical records present at the meeting, and thus, the meeting did not occur.

On December 18, 2002, the Equal Employment Opportunity Office of the USPS issued a final decision permitting Plaintiff to bring this action in a United States District Court. On March 21, 2003, Plaintiff filed this action alleging discrimination pursuant to the provisions of the "Rehabilitation Act of 1973", 29 U.S.C. § 704, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e).

## II. PARTIES' CONTENTIONS

By its Motion, Defendant contends that Plaintiff cannot prove a prima facie case for discrimination under the Rehabilitation Act or Title VII because Plaintiff cannot point to any evidence to show that his medical conditions constitute a disability. Defendant further contends that Plaintiff cannot identify any similarly situated USPS employees who were treated more favorably than Plaintiff for the purposes of Plaintiff's Title VII claims.

In response, Plaintiff contends that there are genuine issues of material fact in dispute with respect to the limitations caused by Plaintiff's diabetes and whether other USPS

employees were treated more favorably.  Plaintiff further contends that Defendants failed to participate in the interactive process in good faith in an effort to accommodate Plaintiff.

**III. LEGAL STANDARD**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party.  Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).  However, a court should not make credibility determinations or weigh the evidence.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts.  In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

5

574, 586-87 (1986) (citations omitted).  However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

**IV. DISCUSSION**

To prove a prima facie case of discrimination under the Rehabilitation Act, the employee must demonstrate: "1) that he or she has a disability, 2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and 3) that he or she was nonetheless terminated or otherwise prevented from performing the job."  <u>Shiring v. Runyon</u>, 90 F.3d 827, 831 (3d. Cir. 1996).  Defendant contends that Plaintiff cannot prove he has a disability because he cannot demonstrate that his Diabetes, hypertension, or Carpal Tunnel Syndrome substantially limits a major life activity.  Defendant further contends Plaintiff cannot prove the other elements of his prima facie case.

For purposes of the ADA and the Rehabilitation Act, a disability is a physical or mental impairment that substantially limits a major life activity, taking into account any measures needed to correct for or mitigate the impairment.  <u>Sutton v. United Airlines, Inc.</u>, 527 U.S. 471, 482 (1999).  A case by case

6

inquiry is necessary to determine whether an individual has a disability. Id. at 480. Construing the evidence in the light most favorable to Plaintiff, the Court concludes that whether Plaintiff's medical conditions substantially limit a major life activity is a genuine issue of material fact disputed by the parties. Further development of the record at trial is necessary for a reasonable fact finder to make a conclusion on this issue. Further, the Court concludes that there is a genuine dispute as to whether the USPS participated in good faith in the interactive process to find a reasonable accommodation for Plaintiff. Thus, at this juncture, summary judgment is not appropriate. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 318 (1999) (finding that summary judgment is generally precluded where there is genuine dispute as to an employer's good faith participation in the interactive process). Accordingly, the Court will deny Defendant's Motion For Summary Judgment with respect to Plaintiff's Rehabilitation Act claim (D.I. 76).

To prove a discrimination claim under Title VII of the Civil Rights Act of 1964, a plaintiff must prove: 1) he is a member of a protected class; 2) he is qualified for the job; and 3) non-members of the protected class were treated more favorably. Ezold v. Wolf, Block, Schorr & Solic-Cohen, 983 F.2d 509, 522 (3d. Cir. 1992). Defendant contends Plaintiff cannot identify any USPS employees who were treated more favorably than

Plaintiff.  The Court concludes that further development of the facts is necessary to determine whether there was disparate treatment of similarly situated USPS employees.  Therefore, summary judgment is not appropriate at this time because, at this juncture, a reasonable jury could not conclude in favor of Defendant.  Accordingly, the Court will deny Defendant's Motion For Summary Judgment with respect to Plaintiff's Title VII claim. (D.I. 76).

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion For Summary Judgment (D.I. 76) is **DENIED**.

December 26, 2006

_____
UNITED STATES DISTRICT JUDGE